Kott, J.
Whether Crowder himself could have maintained this action is a question which it is not now necessary to decide. But it would seem to me that if a cause of action accrued to any body, it must have been to the party whose land has been sold as he is the only person injured However on that question, I shall express no opinion. If Crowder had any cause of action it must have been on the ground of contract. The promise was made to him and could not by operation of law pass to his successor, there being no promise either express or implied to him. At common law whatevei’ official act the sheriff had begun, he was required to go ow and perfect. Ifhe had made a levy it was his duty to sell, make titles, &c. The right of his successor to consummate what he had begun, is derived from a special act of the legislature for that purpose. But it does not extend to actions ao *449 eruiug to him by contract, tort, or any other cause. There is no privity between the plaintiff and defendant, nor any consideration on which an action could accrue to him. The court therefore concur in opinion with the presiding judge.
Waddy Thompson, for the motion.
. Earle, contra.